**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (AT DAYTON)**

| | | |
|---|---|---|
| **JUNE BAKER,** | * | Case No. 3:17-cv-276 |
| *Plaintiff,* | * | |
| v. | * | |
| **VANCREST OF URBANA, INC.,** | * | **COMPLAINT** |
| *Defendant.* | * | |

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this complaint against Defendant for recovery of her unpaid wages and associated damages.  Specifically, Plaintiff seeks back pay, liquidated damages, and reimbursement of her costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution).  Further, Plaintiff seeks her unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15.

**JURISDICTION & VENUE**

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Further, this Court has supplemental jurisdiction over the Ohio law claims under 28 U.S.C. § 1367(a) because they are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because all the events giving rise to the claims occurred in Champaign County, Ohio.

## PARTIES & BACKGROUND

4.　　Plaintiff was hired by Defendant on or about March 23, 2017 and was employed by Defendant until July 6, 2017 at a rate of $10.75 per hour as, among other things, a State Tested Nursing Assistant ("STNA") at Defendant's assisted-living facility in Urbana, Ohio.

5.　　Plaintiff, during her tenure of employment, was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

6.　　Plaintiff, during her tenure of employment with Defendant, was required by Defendant to attend approximately 88 hours of job-related training and orientation on Defendant's premises during normal working hours, for which Defendant paid Plaintiff $0.00 per hour.

7.　　Defendant Vancrest of Urbana, Inc. was, at all times relevant, a corporation incorporated under the laws of the State of Ohio.

8.　　Defendant, during Plaintiff's tenure of employment, was an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

9.　　Defendant's annual revenue, at all times relevant, exceeded $500,000.00.

10.　　Defendant, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution.

11.　　Defendant paid Plaintiff nothing at all—that is, $0.00 per hour—for approximately 88 hours of work in March and April 2017.

12.     Defendant has failed and refused to tender payment to Plaintiff, simply advising Plaintiff that she did not complete her probationary period and was not entitled to the pay for approximately 88 hours of work.

**FIRST CLAIM FOR RELIEF**

*(Non-Payment of Minimum Wages under the FLSA)*

13.     Plaintiff re-alleges and incorporates the above allegations.

14.     Under 29 U.S.C. § 206, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform in 2017.

15.     Defendant willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $0.00 per hour, which is less than the applicable federal minimum wage rate of $7.25 per hour.

16.     Defendant knowingly and willfully failed to pay Plaintiff for all hours worked.

17.     Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff because, as stated by Defendant, Plaintiff did not complete her probationary period and was not entitled to the pay for approximately 88 hours of work.

18.     Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

19.     Because Defendant willfully has failed to pay Plaintiff at least the minimum rate of wages for all hours she worked at $7.25 per hour worked, Plaintiff is entitled to collect $638.00 as and for liquidated damages, i.e., 88 hours multiplied by $7.25 per hour.

**SECOND CLAIM FOR RELIEF**

*(Non-Payment of Minimum Wages under Ohio Law)*

20.     Plaintiff re-alleges and incorporates the above allegations.

3

21.     Under Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform.

22.     Defendant failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $0.00 per hour in 2017, which is less than the applicable Ohio minimum wage rate of $8.15 per hour worked in 2017.

23.     Defendant knowingly and willfully failed to pay Plaintiff for all hours worked.

24.     Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff because, as stated by Defendant, Plaintiff did not complete her probationary period and was not entitled to the pay for approximately 88 hours of work.

25.     Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law.

26.     Because Defendant failed to pay Plaintiff at least the minimum rate of wages for all hours worked in 2017 at $8.15 per hour worked, Plaintiff is entitled to collect $1,434.40 as and for liquidated damages, i.e., 88 hours multiplied by $8.15 per hour multiplied by 2.

### THIRD CLAIM FOR RELIEF

*(Ohio Rev. Code § 4113.15 Violations)*

27.     Plaintiff re-alleges and incorporates the above allegations.

28.     For 88 hours of work in 2017, Defendant failed to pay Plaintiff her agreed upon wages of $10.75 per hour, resulting in back wages due in the amount of $946.00.

4

29.     Defendant failed to pay Plaintiff her wages, as described above, within the statutory time period under Ohio Rev. Code § 4113.15.

30.     To date, Defendant has failed to pay wages in the amount of $946.00 due and owing to Plaintiff, and there is no legitimate dispute that Plaintiff is owed these wages.

31.     Because Defendant failed to pay Plaintiff her wages within the time period specified under Ohio Rev. Code § 4113.15, Plaintiff seeks her back wages in the amount of approximately $946.00 plus liquidated damages in the amount of $200.00.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter judgment as follows:

a.      ordering Defendant to pay $946.00 as and for back wages and $2,272.40 as and for federal and state liquidated damages for each hour Plaintiff worked for which Defendant failed to pay Plaintiff properly;

b.      ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

c.      awarding any other legal or equitable relief.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*

5